## COLTER *v.* MARRIAGE.

Filed January, 1886.

PRACTICE—ORDER DURING VACATION UPON MOTION FILED DURING TERM.
An order during vacation dismissing attachment proceedings, and ordering the attached property released, upon a motion therefor filed and argued during term, is void, and the motion is thereafter still pending.

Appeal from district court, Grant county.

*Elliott, Pickett & Elliott,* for appellant, James H. Colter.

*John D. Bail,* for appellee, Edwin Marriage.

BRINKER, J. This was an action in *assumpsit,* by attachment. At the July-term, 1884, defendant appeared specially and filed a motion to quash "the attachment proceedings," which was argued and submitted to the court, and by it taken under advisement. On the seventeenth day of October, 1884, in vacation, the judge delivered a lengthy opinion, sustaining the motion, and ordered the attachment proceedings dismissed, and the attached property released. From this order the plaintiff appealed. The effect of the order of the judge was to finally dispose of the cause, so far as the attachment and the property seized were concerned, and it, having been made in vacation, was a nullity. Freem. Judgm. § 121.

While section 1829, Comp. Laws 1884, permits the judge to hear and determine motions in vacation, its terms cannot be extended so as to authorize a decision in vacation, in actions at law, which amounts to a final judgment in the case or any branch of it, from which, if rendered in term, an appeal would lie, even though the parties should consent thereto. *Staab* v. *Atlantic & P. R. Co., ante,* 349,[1](decided at this term.) The action of the judge, therefore, being void, it leaves the motion still pending and undetermined in the court below.

It follows that the cause is not properly here, and must be stricken from the docket. So ordered.

LONG, C. J., and HENDERSON, J., concur.

[1] Same case, 9 Pac. Rep. 381.